1817.

*Pittsburg.*

—

September.

BARNET *against* GILSON.

IN ERROR.

An award, under a voluntary submission, that the party should give security for the payment of certain sums of money unto A., or her agent, if required, is void for uncertainty.

ERROR to the Common Pleas of *Westmoreland* county, and bill of exceptions.

On the 12th *February*, 1814, the defendant, *John Gilson*, executed a bond to the plaintiff, *John Barnet*, for 1000 dollars, for the use of *Elizabeth Gilson*, conditioned, " that if " the said *John Gilson*, shall and do abide by the award of " *John Cochran, Uriah Matson*, and *Robert Mᶜ Millan*, ar- " bitrators, amicably chosen to settle all matters concerning " the dower of the said *Elizabeth Gilson*, whether arising " from the real or personal estate of her late husband, *Wil-* " *liam Gilson*, and faithfully perform and fulfil every thing " recommended in the aforesaid award, or arbitrement, then, " the said obligation to be void." On the same day, the arbitrators made their award, by which the said *John Gilson*, or his heirs, were to pay the sum of 23 dollars per year, and every year, during her widowhood, unto the said *Elizabeth Gilson*, or her agent, on the premises whereon *David Gilson* then lived, and the said *John Gilson*, was to give security for the payment of the aforesaid sums unto the aforesaid *Elizabeth* or her agent, if required. Before the first payment under this award was due, security was demanded pursuant thereto, and refused. Whereupon, the present suit was brought, to recover upon the arbitration bond. The Court below gave judgment for the defendants.

*Foster*, for the plaintiff in error.

*Alexander*, contra.

TILGHMAN C. J. was sick and absent.

GIBSON J. The question is simply whether that part of the award which directs security to be given, be void or not ; and

without doubt it is void. It has been constantly held from the time of the year books to the present day, that an award, that one of the parties shall procure a stranger to do an act to which he is not compellable, is void, 17 *E.* 4, 5 *B.* 21, *E.* 4, 75, and the same law is laid down in *Roll's Abr.* 248. The very case of an award to give security, is put in the year books as an instance of the general principle, 18 *E.* 4, 22, 19 *E.* 4, 1. The same law is recognised in *Cooke* v. *Whorwood*, 3 *Saund.* 337, *Norwich* v. *Norwich*, 1 *Show.* 82, *Thursley* v. *Halburt, Carth.* 159, 3 *Mod.* 272. It is contended by the plaintiff in error, that the security mentioned in the award, may mean the party's own bond, given as a security for the debt; and in that point of view it would be good, the giving a bond being a matter under his own controul. But if the arbitrators had meant such a bond, they would have said so; for the word security, in its common acceptation, means bail for the money. On another ground, this part of the award is clearly bad. The kind of security, the number of persons to join in it, the amount, or the kind of instrument, are not designated. It would be impossible to execute the order of the arbitrators with any reasonable prospect of coming near what they intended should be done. An award must be so certain and plainly expressed, that there shall be no uncertainty in what manner the parties are to put it in execution, but, that they may certainly know what it is they are ordered to do; an award, that one of the parties shall pay the other for certain task work, and days' work, is void; so of an award, that the defendant should enter into a bond to the plaintiff without saying for how much. The cases on the subject will be found in *Kyd on Awards*, p. 130, where they are collected and arranged, and fully prove the principle as I have stated it. I, therefore, consider this award bad on both grounds, and that the Court below did right to give judgment for the defendant.

DUNCAN J. It is attended with some difficulty to collect the matters material to form a decision on this confused record. This mass of matter, however, seems to settle down to one simple question, submitted by the arbitrators, by the consent of the parties, to the judgment of the Court of Common Pleas. That question is, had the plaintiff a good cause of action on the award, when he commenced his suit? The

referees award, that the defendant shall pay 23 dollars per year, and every year, during her widowhood, unto *Elizabeth Gilson* or her agent; and that he shall give security for the payments to the said *Elizabeth* or her agent, if required. This award was made on the 12th *February*, 1814. The action was brought to *May* Term, 1814. No money was then due. The breach assigned, in a regular course of pleading, must have been, that *John Gilson* did not give security for the payment to *Elizabeth* or her agent. Is that part of the award good? The security to be given is the very substance of the matter awarded. What is the security? Real or personal? Or is it simply to be the obligation of *John Gilson?* If the referees could have made a substitute, directing the nature of the security to be fixed by some third person, and thus have rendered the award certain, or capable of being so rendered, they have not so done. If they had so done, the breach must have contained an averment, that such third person had directed the form of the security, that notice had been given to *John Gilson* thereof, that he was required to give it, and that he refused so to do. This substitute might be supported, as a ministerial act. If it were to be considered as a judicial one, the authority could not be delegated.

But in this case, the plaintiff alone was to carve out the security. He thereby became a judge in his own case. This clearly would render the award void. These are the elementary principles of awards, supported by a uniformity of decision. That arbitrators, where they award the substance of a thing to be done, may refer it to another to settle the manner in which it shall be put in execution, is now settled by a determination of Lord HARDWICKE, *Lingood* v. *Eade*, 2 *Atk.* 501. But if such a power could be vested in the party in interest, he should have declared what security he required, and demanded it. To give security, means something more than the mere personal obligation of the party. An award that one shall find surety in a bond is void. *Cooke* v. *Whorwood*, 2 *Saund*. 337. An award to give security to pay is equally void, from its uncertainty; nay, the uncertainty is greater. This award may not be void *in toto;* it may be good for the payments as they yearly become due, and the plaintiff recover either on the arbitration bond, obtain judgment for the penalty, and by assignment of the

breaches under the statute, proceed to recover the money, yearly, as it becomes due; or he may bring debt for the several sums awarded, *toties quoties* as they respectively become due.

On the report of the arbitrators, submitting by consent of parties, the question of the liability of the defendant at the time of the institution of the suit, the Court very properly directed judgment to be entered for the defendant.

Judgment affirmed.